## DIAMOND V. JONES.

**Assumpsit: DOUBLE COLLECTION OF SAME DEBT: PLEADING: USURY: FORMER ADJUDICATION.** The petition in this case (which is fully set out in the opinion) stated that plaintiff had borrowed money of the defendant, and had given him a real-estate mortgage to secure the loan, and also a chattel mortgage for the same purpose, and that defendant had sold the chattels under the mortgage and kept the proceeds, and had afterwards foreclosed the real-estate mortgage and bought in the land for more than enough to pay the money loaned, with interest, costs and attorney's fees; and plaintiff demanded judgment for the proceeds of the chattels, with interest. *Held* that, while the petition was not well drawn, it stated a cause of action, and was not demurrable on the ground that it showed on its face that the action was to recover for usury; nor on the ground that the subject of the action was shown to have been adjudicated in the action of foreclosure referred to in the petition.

*Appeal from Montgomery District Court.*—HON. H. E. DEEMER, Judge.

FILED, DECEMBER 22, 1888.

ACTION at law. A demurrer to the petition was sustained in the district court. Plaintiff standing on his petition, judgment was rendered against him. He now appeals.

*W. S. Strawn*, for appellant.

*Z. T. Fisher* and *S. McPherson*, for appellee.

BECK, J.—I. The petition is in the following language: "Plaintiff states that on or about July 1, 1884, he borrowed from defendant the sum of about seven hundred dollars, and gave his note for about $1,150, that being the nominal amount of the loan; that said actual loan of about seven hundred dollars was renewed from time to time, in such nominal sums as defendant demanded, sometimes in his own name, and sometimes in the name of 'M. S. Leonard,' or the name

of 'N. J. Dustin,' giving real estate and chattel security therefor; that the last of these nominal renewals was on or about September 3, 1885, in the name of 'N. J. Dustin,' nominally, for some $1,537.66, for security for the payment of which a mortgage was given to defendant, in the name of said 'N. J. Dustin,' on the northeast quarter, and the northwest quarter of the southeast quarter, of section 8, township 73 north, of range 36 west of the fifth P. M., and at the same time a chattel mortgage was made to the said Dustin as another security for the said pretended sum of $1,537.66, which fell due on or about March 1, 1886; that on or about March 10, 1886, defendant, under pretense of a sale under said chattel mortgage, sold the chattels in the said mortgage described, obtaining therefor the sum of about $44.30 in cash, and also the notes of various purchasers at said sale in the sum of about $772.05, all of which belonged to this plaintiff, and the defendant then and there, yet acting in the name of Dustin, took and converted the same to his own use; that afterwards, about October 19, 1886, the defendant, in the name of the said Dustin, foreclosed the real-estate mortgage, made at the date of the last chattel mortgage to secure the said pretended sum of $1,537.66, taking judgment by default for $1,106.39, with $46.68 attorney's fees, and $9.30 costs, or more than the only loan, and the only sum ever received, to-wit, seven hundred dollars, with interests, attorney's fees, and costs, and has sold the said described mortgaged premises, and has bought the same in payment for said judgment and accruing costs, and yet keeps the proceeds of the said chattel mortgage sale, in the sum of about $816.33, and has converted the same to his own use, to the damage of the plaintiff in the sum thereof, with six per cent. interest from March 10, 1886,—for all of which plaintiff demands judgment, with interests and costs." The demurrer is on the grounds: (1) The petition shows that the action is to recover for usury. (2) The subject of the action is shown to have been adjudicated in the action of foreclosure referred to in the petition.

II.   It cannot be denied that the cause of action is not clearly set out in the petition, and that the pleader has been unfortunate in stating the cause of action. But we think the action was not brought to recover for usury paid; certainly not for usury *eo nomine*.   Nor does the petition show a former adjudication of the subject-matter of the action.   It alleges a foreclosure of the mortgage, but there is no allegation of any adjudication as to the amount found due thereon, or as to the chattel mortgage and the sum due upon it.

III.   As we understand the petition, we think it sufficiently shows a cause of action arising upon the facts alleged,—that plaintiff collected both the real-estate mortgage and the chattel mortgage, which were both given in security of the same debt, and appropriated the money realized upon both securities,   thus receiving more than was due upon the debt; and to recover the amount received in excess thereof this action is brought.   It is a case of the creditors collecting the full amount of two securities given upon one debt, the aggregate of which exceeds the amount of the debt. We think the petition is not obnoxious to the demurrer. But plaintiff may be required to state, with more explicitness and directness, his cause of action before the case is again submitted for trial.   It is our opinion that the judgment of the district court ought to be

REVERSED.